# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN GORDON, : | |
| : | |
| Plaintiff : | |
| : | No. 1:17-CV-02175 |
| vs. : | |
| : | (Judge Rambo) |
| DOC STATE OF : | |
| PENNSYLVANIA, et al., : | |
| : | |
| Defendants : | |

## MEMORANDUM

Plaintiff, Brian Gordon, an inmate currently confined at the State Correctional Institution – Rockview, Bellefonte, Pennsylvania ("SCI-Rockview"), filed this civil action pursuant to 42 U.S.C. § 1983 on November 22, 2017. (Doc. No. 4.) The Defendants named in the complaint are M. Houser, G. McMahon, C.O. Woodhouse, the DOC State of Pennsylvania, and SCI-Rockview. Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), the Court will perform the following screening of the complaint prior to service of process.

**I.     Background**

Plaintiff alleges that while housed at SCI-Rockview, Correctional Officer Defendant Woodhouse and Correctional Officer Narehood[1] escorted Plaintiff from his cell to a hearing examiner's office. (Doc. No. 4 at 3.) Once inside the office,

---

[1] Correctional Officer Narehood is not a named defendant in this action.

1

Plaintiff alleges that C.O. Narehood slammed Plaintiff to the ground and then C.O. Woodhouse reached in between Plaintiff's legs, grabbed his testicles and squeezed and twisted them. (Id.) Plaintiff alleges that despite submitting grievances and contacting G. McMahon and M. Houser, and expressing his desire to press charges against C.O. Defendant Woodhouse, he has been ignored. (Id.) Plaintiff alleges that as a result of the assault, his testicles swelled up and are still "mangled" and he was given a "pain killer shot" and prescribed antibiotics. (Id.)

## II. Standard of Review

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); James v. Pa. Dep't of Corr., 230 F. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought in forma pauperis. See 28 U.S.C. § 1915(e)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mitchell, 696 F. Supp. 2d at 471.

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of pleading." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. Id. The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in Iqbal, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint

"not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)).

In conducting its screening review of a complaint, the court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the

4

plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

**III.    Section 1983 Standard**

In order to state a viable § 1983 claim, the plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003). Further, § 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

Moreover, in addressing whether a viable claim has been stated against a defendant, the court must assess whether the plaintiff has sufficiently alleged that the defendant was personally involved in the act which the plaintiff claims violated his rights. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Liability may not be imposed under § 1983 on the traditional standards of respondeat superior. Capone v. Marinelli, 868 F.2d 102, 106 (3d Cir. 1989) (citing Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976)). Instead, "supervisory personnel are only liable for the § 1983 violations of their

5

subordinates if they knew of, participated in or acquiesced in such conduct." Capone, 868 F.2d at 106 n.7.

There are only two avenues for supervisory liability: (1) if the supervisor "knew of, participated in or acquiesced in" the harmful conduct; and (2) if a supervisor established and maintained a policy, custom, or practice which directly caused the constitutional harm. Id.; Santiago, 629 F.3d at 129; A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Ctr., 372 F.3d 572, 586 (3d Cir. 2004). As it concerns the second avenue of liability, conclusory, vague, and speculative allegations of custom, policy, or practice are insufficient. Id.

## IV. Discussion

Plaintiff appears to be alleging Eighth Amendment violations for sexual assault constituting cruel and unusual punishment and excessive force. (Doc. No. 4 at 3.) While it further appears that Plaintiff has named the Commonwealth of Pennsylvania, the Pennsylvania Department of Corrections, and SCI-Rockview as Defendants, these entities are not subject to suit under 42 U.S.C. § 1983 and will be dismissed with prejudice pursuant to the screening provisions of the PLRA. See Smith v. Samuels, Civ. No. 3:12-CV-524, 2013 WL 5176742, at *4 (M.D. Pa. Sept. 12, 2013) ("Courts have repeatedly recognized that a prison or correctional facility is not a person for purposes of civil rights liability.") Will v. Michigan Dep't of State Police, 491 U.S 58, 64 (1989) (holding that a State is not a

6

"person[]" under § 1983); Lavia v. Pa. Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000); Beattie v. Dep't of Corr. SCI-Mahanoy, Civ. No. 1:CV-08-00622, 2009 WL 533051, at *6 (M.D. Pa. Mar. 3, 2009); Davis v. Pa. Bd. of Prob. And Parole, Civ. No. 05-330J, 2006 WL 3308440, at *5 (W.D. Pa. Oct. 13, 2006).

Plaintiff also names G. McMahon and M. Houser as Defendants in this action. However, there are no allegations in the complaint that either of these Defendants were involved in the conduct giving rise to this instant action. Rather, it appears that Plaintiff seeks to hold these two individuals liable premised on a theory of respondeat superior. However, local government units and supervisors typically are not liable under § 1983 solely on a theory of respondeat superior. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. Dep't of Soc. Servs. Of City of N.Y., 436 U.S. 658, 690-91 (1978). "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); see also Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003) (citing Rode.)

Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Rode, 845 F.2d at 1207. As set forth in Rode,

> A defendant in a civil rights action must have personal involvement in the alleged wrongs…. [P]ersonal involvement can

7

> be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or knowledge and acquiescence, however, must be made with appropriate particularity.

Id. at 1207.

Moreover, the filing of a grievance, participation in "after-the-fact" review of a grievance, or dissatisfaction with the response to an inmate's grievance, do not establish the involvement of officials and administrators in any underlying constitutional deprivation. See Pressley v. Beard, 266 F. App'x. 216, 218 (3d Cir. 2008) (not precedential) ("The District Court properly dismissed these defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them."); Brooks v. Beard, 167 F. App'x. 923, 925 (3d Cir. 2006) (not precedential) (holding that allegations that prison officials responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying constitutional deprivation); Ramos v. Pa. Dep't of Corr., No. CIV. 4:CV–06–1444, 2006 WL 2129148, at *3 (M.D. Pa. July 27, 2006) ("[C]ontentions that certain correctional officials violated an inmate's constitutional rights by failing to follow proper procedure or take corrective action following his submission of an institutional grievance are generally without merit."); Wilson v. Horn, 971 F. Supp. 943, 947 (E.D. Pa. 1997) (noting that prison

officials' failure to respond to inmate's grievance does not state a constitutional claim), aff'd, 142 F.3d 430 (3d Cir. 1998) (table).

As the Court stated in Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985) (per curiam) a mere "linkage in the prison chain of command" is not sufficient to demonstrate personal involvement for purposes of a civil rights action. Permitting supervisory liability where a defendant, after being informed of the violation through the filing of grievances, reports or appeals, failed to take action to remedy the alleged wrong is not enough to show that the defendant has the necessary personal involvement. Rode, 845 F.2d at 1207; see also Greenwaldt v. Coughlin, 93 Civ. 6551, 1995 WL 232736, at *4 (S.D.N.Y. Apr. 19, 1995) ("[I]t is well-established that an allegation that an official ignored a prisoner's letter of protest and request for an investigation of allegations made therein is insufficient to hold that official liable for the alleged violations."); Rivera v. Goord, 119 F. Supp. 2d 327, 344 (S.D.N.Y. 2000) (allegations that inmate wrote to prison officials and was ignored insufficient to hold those officials liable under section 1983).

Here, Plaintiff has failed to allege any personal involvement of Defendants McMahon and Houser in the alleged wrongs of his complaint. Rather, it appears that Plaintiff's sole allegation against McMahon and Houser is that after Plaintiff submitted grievances and contacted "the brass (G. McMahon [and] M. Houser)" they ignored him. (Doc. No. 4 at 3.) However, dissatisfaction with the response to

an inmate's grievance or a mere "linkage in the prison chain of command" are not sufficient to demonstrate personal involvement for purposes of a civil rights action and do not establish the involvement of officials and administrators in any underlying constitutional deprivation. See Pressley, 266 F. App'x. at 218; Rode, 845 F.2d at 1207.

Accordingly, Defendants G. McMahon and M. Houser will be dismissed from this action without prejudice. Plaintiff will be granted leave to amend his complaint to include specific allegations, if any, against these two individuals in order to cure the above noted deficiencies.

V. **Leave to Amend**

Plaintiff will be afforded an opportunity to file an amended complaint adhering to the standards set forth above. Specifically, should Plaintiff elect to file an amended complaint, he is advised that the amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the original complaint or any other documents already filed. The amended complaint should set forth his claims in short, concise and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Each paragraph should be numbered. It should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of the defendant in the acts which he claims violated his rights. Mere conclusory allegations will not set forth a

10

cognizable claim.  Importantly, should Plaintiff elect to file an amended complaint, he must re-plead every cause of action in the amended complaint that the Court has found to be adequately pled in the current complaint because the amended complaint will supercede the original complaint.  See Knight v. Wapinsky, No. 12-CV-2023, 2013 WL 786339, at *3 (M.D. Pa. March. 1, 2013) (stating that an amended complaint supercedes the original complaint).  Because an amended complaint supercedes the original pleading, all causes of action alleged in the original complaint that are omitted from the amended complaint will be deemed waived.  Id. (citations omitted).

## VI. Conclusion

For the foregoing reasons, all claims against Defendants the Commonwealth of Pennsylvania, the Pennsylvania Department of Corrections, and SCI-Rockview will be dismissed from this action with prejudice. All claims against Defendants G. McMahon and M. Houser will be dismissed from this action without prejudice and Plaintiff will be granted leave to file an amended complaint to include specific allegations, if any, against these two individuals. The Court will defer service of the original complaint for twenty (20) days to give Plaintiff an opportunity to file an amended complaint. An appropriate order follows.

                                         s/Sylvia H. Rambo
                                         SYLVIA H. RAMBO
                                         United States District Judge

Dated: December 12, 2017